United States District Court
Eastern District of Arkansas
Pine Bluff Division

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 19 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

WAYNE MADOLE, pro se
Plaintiff

This case assigned to District Judge **Holmes**
and to Magistrate Judge **Harris**

V.

CASE # 5:16cv377-JLH-PSH

Rory L. Griffin, Jason M. Kelley, Timothy Ryan Faloon,
Ms. Huff, Dr. Stokey, M. Henry, Denise Krablin,
unknown Doctor, unknown Correct Care Solutions policy maker,
unknown medical personnel
    Defendants

## I. Jurisdiction and Venue

This civil action is authorized by 42 U.S.C. 1983 in violation of Amendment VIII
of the United States Constitution.

## II. Plaintiff

Wayne Madole 158959
PO Box 600              Inmate              Varner SuperMax
Grady, AR 71644

## III. Defendants

1. Rory L. Griffin        ADC Medical Director       Central Office
2. Jason M. Kelley        VSM Health Administrator   Varner SuperMax
3. Timothy Ryan Faloon    Tucker Health Administrator Tucker Unit

1 of 12

| 4. Ms. Huff | Tucker Medical Grievance Coordinator | Tucker Unit |
| 5. Dr. Stukey | VSM Doctor | Varner SuperMax |
| 6. M. Henry | Unknown medical staff | Tucker Unit |
| 7. Denise Krablin | Nurse | Tucker Unit |
| 8. Unknown | Doctor | Tucker Unit |
| 9. Unknown | Medical Personell | Malvern Unit |
| 10. Unknown | Policy Maker | Correct Care Solutions |

| Tucker Unit | 2500 State Farm Road | Tucker, AR 72168 |
| Varner Super Max | 320 Hwy 888 | Grady, AR 71644 |
| Central Office | 7500 Corrections Drive | Pine Bluff, AR 71611 |
| Malvern Unit | "unknown" | "unknown" |

Plaintiff is suing all defendants in both official and personal capacity.

## IV. Facts

1. The plaintiff (herein after refer to as "Madole") is a prisoner in the Arkansas Department of Correction ("ADC") and Madole is at all times herein said prisoner during alleged events. First at Tucker Unit, now at Varner Super Max.

2. Some dates, persons, or facts may be unknown, due to the limited information available for screening.

3. On February 18, 2016, Madole placed a sick call request with regards to his testicle having a hard, painful lump.

4. Madole is seen by Denise Krablin who prescribes antibiotics and provides a no-duty script due to continuous pain. Date is unknown.

5. Towards the end of March, 2016, Madole placed a follow up sick call request stating that his condition has not improved.

6. Nurse Krablin prescribes a different antibiotic to take for 10 more days and provides a no-duty script due to continuous pain. Date is unknown.

7. On April 6, 2016, Madole placed another sick call request stating that his condition has still not improved.

8. Nurse Krablin Schedules appointment to See a Tucker Medical Provider and provides a no-duty script due to Continuous pain. Date is unknown.

9. Madole was seen by an unknown doctor who verifies that a hard lump does exist on his left testicle. Doctor requests for Madole to have an ultrasound taken a the U.A.M.S. Please note that this unknown doctor in paragraph 9, is not listed as a defendant.

10. On April 13, 2016, Nurse Krablin provides a no-duty script.

11. On May 31, 2016, Madole was transported to the U.A.M.S. where an ultrasound was taken.

12. On June 1, 2016, Teresita L. Angtuaco M.D. Sends test results to Tucker medical staff with the following information:

"Normal Sonographic appearance of testicles"

"Subcutaneous, tublar, hypoechoic, Solid appearing Structure seen at the base of the penis approaching left hemiscrotum. Finding is indeterminate in etiology, Possibly representing Sequelae of remote infectious versus inflammatory process. Mri versus CT can be considered if further evaluation is desired."

13. On June 3, 2016, Madole places a sick call request Stating that his testicle is still causing pain and is now worse since the pain is also being felt in stomach area. Test results were still unknown to Madole at this time.

14. Nurse Krablin gives no-duty script due to the continuous pain. Date is unknown.

15. On June 29, 2016 Madole receives notification of examination results which stated: "No need for a medical follow-up at this time". Signed by M. Henry for Correct Care Solutions. Actual test results were Still unknown to Madole at this time.

16. On July 4, 2016, Madole placed sick call request to review lab results and to discuss treatment options.

17. On July 8, 2016, LPN. Kianna Canady provides Madole with a no-duty script due to continuous pain.

18. On July 21, 2016, Madole was seen by an unknown doctor. Doctor says results are normal, but a black mass or cyst does exist. Says no further treatment needed. Says Madole can return to work. Madole tells doctor that his pain has become worse and that returning to work would cause further pain and or damage to testicle due to the nature of work involving movement of my legs to where they will be rubbing against testicles in a harsh way. Madole stated that he has not been to work in several months due to his condition. Madole further stated that he would like to have a MRI performed and possibly surgery to have cyst removed. Madole asked for a copy of test results to keep for his records.
   All of Madoles requests were denied and doctor did not provide a no-duty script.

19. On July 25, 2016, Madole writes grievance #TU-16-00733. This will be documented as Exhibit A, and will be discussed later.

20. On an unknown date, Madole received a disciplinary from Lt. Riley for not going to work. This resulted in a loss of privileges for 20 days. I explained to Lt. Riley that I have a chronic medical condition and I have not worked in several months. Lt. Riley told Madole that without a no-duty script, there is nothing she can do about it.

21. On August 2, 2016, Madole was seen by unknown doctor with regards to his worsening condition. Madole requested stronger pain medication, a no-duty script, and further evaluation. Each of Madoles requests were again denied except doctor says he will request for Madole to see a urologist. UAMS. test results were still unknown to Madole at this time.

22. On August 4, 2016, Madole placed sick call request asking for his allergy medication and also if appointment to see urologist has been requested.

23. On August 6, 2016, an unknown nurse replies stating that no urology appointment requested. Please see exhibit C.

24. On August 25, 2016 Madole was transferred to Varner Super Max.

25. On September 7, 2016 Madole wrote a sick call request about his worsening medical condition and also referenced grievance # TU-16-00733. (Exhibit A)

26. On September 8, Madole was seen by Dr. Stokey. Madole told Dr. Stokey about the constant and consistent pain he has in his testicle. Madole explained that his condition has become worse and that there is now a second lump or swollen area next to the cyst. He then checked my genital area and confirmed that an enlarged area does exist. For the first time, my test results were read to me almost word for word. I then asked Dr. Stokey to request for me to take an MRI or CT scan but Dr. Stokey advised me that Abc will not approve it until possibly 3 months from this date in which I would have to wait to see if condition gets worse. I asked Dr. Stokey if there is any stronger pain medication for me to take. He says he would check and see.

27. On September 15, 2016, Madole writes grievance # VSM16-3128. This will be documented as exhibit B, and will be discussed later.

28. On October 26, 2016, Madole was seen by Dr. Stokey after placing sick call stating that his pain is excruciating and he cannot wait any longer to see him. Madole told Dr. Stokey that his testicles have a burning sensation along with the pain. Madole told Dr. Stokey that he has hard time sleeping at night since his legs sometimes close together and squeeze on the swollen area causing intense pain. Madole further requested for Dr. Stokey to prescribe a type of wedge to place between his legs. Madole again asked for Dr. Stokey to request appointment to see Urologist and to have MRI performed, but was

denied. At this time, Dr. Stukey notices that a medical professional at Malvern Diagnostics ADC, who takes blood samples of inmates and tests them for several diseases, did not test Madole for two diseases, clamydhia and Gonnerhea. (Spelling may be incorrect) Dr. Stukey says that he wants to test me for these two diseases before proceeding with any further treatment. Dr. Stukey prescribed Madole to Ibuprofen for pain.

29. Approximately a week or two later, Madole gave a urine sample.

30. On December 2, 2016, Madole was seen by Dr. Stukey. Test results came back negative for the above named diseases. Dr. Stukey tells Madole he will submit request to see urologist, but it may get denied.

31. In reference to EXHIBIT C and D, please note that other scripts and sick calls will be found in ADC "EOMIS" system. The documents I am presenting are the only ones that were available in paper copy.

## II. Exhaustion of Remedies

1. Plaintiff Madole used the inmate grievance procedure available at ADC to try and solve the problem.

2. On July 25, 2016, Madole presented the facts relating to this complaint. On July 29, 2016, R.N., with the last name Huff(?), replies back to complaint denying the facts. On August 1, 2016, Madole appeals to the Tucker Unit Health Services Administrator, Timothy Ryan Faloon. On August 8, 2016, Timothy Ryan Faloon replies with a denial to any further evaluation or or procedure. On August 12, 2016, Madole appeals to ADC Medical Director Rory L. Griffin. On October 25, 2016, Rory L. Griffin replies back and finds my appeal without merit. Madoles grievance and appeals are attached as exhibit A.

3. On September 15, 2016, Madole presented more facts relating to this Complaint. On September 19, 2016, a response was sent back stating

that Dr. Stukey did not note any mention of a CT scan or MRI or change in medication. This person further stated for Madole to utilize the sick call process if need to be evaluated before next appointment. On September 19, 2016, Madole appeals to the VSM Health Services Administrator, Jason M. Kelley. On October 17, 2016, Jason M. Kelley replied to appeal finding it without merit. On October 17, 2016, Madole appeals to ADC Health Director Rory L. Griffin. On November 22, 2016, Rory L. Griffin replies back finding appeal without merit. Madoles grievance and appeals related to this complaint are attached as exhibit B.

## VI. Legal Claims

1. Defendant Krablin acted reckless and careless with a disregard for a substantial risk to the plaintiff when she prescribed medication to Madole without properly being diagnosed. Defendant further disregarded the risk by prescribing more medication without properly diagnosing the plaintiff. At no time did defendant Krablin advise Madole that some of his initial blood samples were not tested for two diseases. Defendant Krablins actions violated Madoles right under the Eighth Amendment of the United States Constitution, causing unnecessary and wanton infliction of pain, by intentionally delaying Madoles access to proper medical care. Please reference paragraphs 3,4,5,6 in Section IV Facts

2. Defendant M. Henry intentionally delayed Madoles access to proper medical care by ignoring Dr. Angtuaco's recommendation and telling plaintiff - madole that there was no need for a medical follow-up approximately 28 days after defendants test results were submitted to Tucker's medical staff. Defendant was aware of Madoles chronic medical attention and that it has interferred with his daily activities, but choose to ignore his need for medical attention. Defendant

M. Henry violated Madole's right under the Eighth Amendment of the United States Constitution causing unnecessary and wanton infliction of pain, by intentionally delaying Madole's access to proper medical care.
  Pleas reference paragraphs 12, 13, 14, 15 in Section IV. Facts.

3. On July 21, 2016, Plaintiff Madole was seen by an unknown doctor. This doctor is listed as Defendant 8 in Section II. Defendants.
  Defendant deliberately interfered with Dr. Angtuaco's recommendation by insisting that no further treatment was needed even though the recommendation states that the Plaintiff has a possibly infectious area at the base of his penis and that an MRI or CT scan can be considered if further evaluation is desired in which Madole clearly states that he desired further evaluation and treatment. Defendant also ignored the fact that Madole has been suffering with pain and as a result has not worked in several months. Defendant never notified Madole of the two diseases that he was never tested for at Malvern and never suggested to take any blood or urine samples to test for a possible disease or infection. Defendant never read the full results or recommendation from the UAMS. and also denied the Plaintiff a copy or to read for himself. Defendant's actions violated Madole's right under the Eighth Amendment of the United States Constitution, causing unnecessary and wanton infliction of pain, by intentionally interfering with a doctor's recommendation and further delaying Madole's access to proper medical care. Please reference paragraphs 16, 17, 18, 19 in Section IV. Facts and also Exhibit A. grievance form.

4. Plaintiff also lists an unknown Policy maker of the medical provider "Correct Care Solutions", since defendant has created a policy or custom under which unconstitutional practices occured or that he/she allowed the continuance of such a policy or custom which

resulted in the Plaintiff's unnecessary and wanton infliction of pain, violating Madole's right under the Eighth Amendment of the United States Constitution.

5. On August 2, 2016 Madole was seen again by the unknown doctor stated above in paragraph 3 as the defendant. This defendant denied Madole's request for stronger pain medication, a no-duty script, and also further evaluation, after knowing that the plaintiff's condition has become worse, that his condition has a substantial risk of getting worse, and knowing that other therapies that a urologist might provide would be superior to the treatments provided by the prison. Defendant failed to treat Madole's chronic condition at all in fact and only stated that he would try to request an appointment to see a urologist. Defendant's actions again violated Madole's right under the Eighth Amendment of the United States Constitution, causing unnecessary and wanton infliction of pain, by intentionally delaying Madole access to proper medical care and interfering with treatment or recommendations made by a doctor. Please reference paragraphs 21, 22, 23 in Section IV. Facts and also see Exhibit C.

6. Defendant Huff intentionally and deliberately ignored the recommendation and diagnoses of Dr. Angtuaco by stating that the results of Madole's test were normal. Defendant Huff never informed Madole that two diseases were never tested in his blood sample at Malvern Diagnostics. Defendant's actions violated Madole's right under the Eighth Amendment of the United States Constitution, causing unnecessary and wanton infliction of pain, by intentionally delaying Madole's access to proper medical care and interfering with treatment or recommendations made by a doctor. Please reference paragraph 2 in Section V. Exhaustion of Remedies and also see Exhibit A.

7. When the plaintiff first arrived at Malvern Unit for diagnostics, a medical professional whose name is unknown, drew blood from Madole so that it can be tested for various diseases. It is a normal procedure to test for these diseases. It is very important to test for these diseases so that the inmate and medical staff become aware of any potential risks they may have. This medical person is listed as a defendant 9 in Section III. Defendants. This defendant acted carelessly and reckless by not having Madole's blood tested for two diseases. Defendants actions further caused a delay in Madole's access to proper medical treatment, causing unnecessary and wanton infliction of pain, violating plaintiff Madoles right under the Eighth Amendment of the Constitution of the United States. Please reference paragraph 28, 29, 30, in Section IV. Facts

8. Defendant Stokey intentionally and deliberately ignored Madole's serious medical condition by failing to provide proper medical treatment. Defendant knew of and was aware of Dr. Angtuacos diagnosis and reccomendation, but failed to follow recommendations, further delaying Madole's access to proper medical care. Defendant was also aware of Madole's condition possibly getting worse and deliberately choose to schedule a follow-up appointment 90 days later, without providing any treatment or testing. Defendant Violated Madole's right under the Eighth Amendment of the United States Constitution causing Madole unnecessary and wanton infliction of pain. Please reference paragraphs 25, 26, 27, 28, in Section IV. Facts and also see Exhibit B.

9. Defendant, Timothy Ryan Faloon intentionally and willingly choose to ignore Madoles serious medical condition after appeal was made to him with the facts that Madole has an ongoing chronic condition, that Madoles condition has got worse, that Madoles condition may become even more severe, that Madole was not currently under any treatment plan, that Madole was given a diagnosis and recommendation that has not been followed, and also that Madole was never tested for two diseases at Malvern Diagnostics.

Defendant Falcons actions violated Madoles right under the Eigth Amendment of the United States Constitution. Please reference paragraph 2 in Section V. Exhaustion of Remedies and also the grievance form in Exhibit A.

10. Defendant Jason M. Kelley deliberately and willingly chose to ignore Madoles serious medical condition based upon the facts in not only the Plaintiffs medical jacket, but also in the grievance form and the UAMS diagnosis and reccomendations. Defendants actions violated Madole's right under the Eigth Amendment of the United States Constitution. Please reference paragraph 3 in Section V. Exhaustion of Remedies and also See Exhibit B.

11. Defendant Rory L. Griffin was made aware of Madole's serious medical condition on two seperate occasions and still chose to deliberately ignore all the facts from Madoles medical jacket, grievances, appeals, and the UAMS diagnosis and reccomendations, allowing the Plaintiff to continue living with pain and suffering. Defendants actions violated Madole's right under the Eigth Amendment of the United States Constitution. Please reference paragraphs 2, 3, in Section V. Exhaustion of Remedies and also both grievances and appeal forms found in Exhibits A. and B.

12. Plaintiff Madole has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the decloratory and injunctive relief which the plaintiff seeks.

## VII. Prayer For Relief

WHEREFORE, plaintiff respectfully prays that this court enter judgement:

1. Granting plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

2. A preliminary and permanent injunction ordering defendants Griffin and or Kelley to allow Plaintiff Madole to be seen by a urologist who will provide further evaluation and treatment, and

3. Granting plaintiff Madole compensatory damages in the amount of $50,000 against each defendant, Seperately.

4. Granting plaintiff Madole punitive damages in the amount of $50,000 against each defendant Seperately.

5. Plaintiff seeks a jury trial on all issues triable by jury,

6. Plaintiff also seeks recovery for cost of suit including jury costs, and

7. Any additional relief this court deems just, proper, and equitable.


Dated December 13, 2016

Respectfully submitted,

Wayne Madole #158959

PO Box 600

Grady, AR 71644

### Verification

I have read the foregoing Complaint and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Grady, Arkansas on December 13, 2016

Wayne Madole

Wayne Madole

**UNIT LEVEL GRIEVANCE FORM (Attachment I)**

Unit/Center __TUCKER__

Name __WAYNE MADOLE__

ADC# __58959__    Brks # __3A__    Job Assignment __HOE SQUAD__

| | |
|---|---|
| GRV. # | T4-16-00733 |
| Date Received: | 8/4/16 |
| GRV. Code #: | 601 |

__7-25-16__ (Date) STEP ONE: Informal Resolution

__8-1-16__ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: __Results were not normal,__
__they show black mass And Doctor admits that a Sist does exist.__

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* __YES__ *If yes, circle one:* (medical) or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how **you** were affected. (Please Print): __I HAVE BEEN SUFFERING WITH PAIN__
__FROM A SIST ON MY TESTICLE FOR APPROXIMATELY 4 MONTHS NOW DUE TO__
__THE FACT THAT WHEN I WALK OR DO ANY ACTIVITY WHERE MY LEGS RUB__
__AGAINST IT OR IF I SLEEP THE WRONG WAY. I HAVE RECENTLY TOOK AN__
__ULTRASOUND AT THE UAMS IN LITTLE ROCK, AR AND THE DOCTOR AT__
__TUCKER INFIRMARY CONFIRMED THAT IT IS A SIST GROWING ON MY TESTICLE__
__BUT ADC OR UAMS WILL NOT APPROVE TO HAVE IT REMOVED BECAUSE IT IS__
__NOT BIG ENOUGH OR ADC WILL NOT PAY FOR THE SURGERY. THIS IS A FORM OF__
__MEDICAL NEGLIGENCE AND I STRONGLY BELIEVE THAT I AM NOT GETTING__
__THE PROPER OR ADEQUATE MEDICAL ATTENTION THAT I WOULD RECIEVE__
__FROM A DOCTOR OUTSIDE OF ADC. I AM IN CONSTANT PAIN DUE TO THE__
__LOCATION OF MY SIST AND I SHOULD NOT HAVE TO CONTINUE TO SUFFER__
__AS IT CONTINUES TO GROW AND THE PAIN GETS WORSE. PLEASE HELP ME__
__WITH THIS SITUATION AND GET THIS REMOVED AS SOON AS POSSIBLE.__

__Wayne Madole__                              __7-25-16__
Inmate Signature                              Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

RECEIVED-DEPARTMENT OF CORRECTION
RECEIVED ARKANSAS DEPARTMENT
SEP 14 2016
PROGRAMS

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on __7/25/16__ (date), and determined to be **Step One** and/or an **Emergency Grievance**
__NO__ (Yes or No). This form was forwarded to medical or mental health? __Yes__ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____
__SGT Lacy Turl__    __60561__    _____    __7/25/__
PRINT STAFF NAME (PROBLEM SOLVER)    ID Number    Staff Signature    Date Received
Describe action taken to resolve complaint, including **dates**: __The results of your__
__Test were Normal Testicular study.__

__R Huff RN 7-29-16__                    __Wayne Madole__    __7-29-16__
Staff Signature & Date Returned                 Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT420
3GH

Attachment IV

INMATE NAME: <u>Madole, Wayne R.</u>     ADC #: <u>158959A</u>     GRIEVANCE #: <u>TU-16-00733</u>

## HEALTH SERVICES RESPONSE TO UNIT LEVEL GRIEVANCE

<u>In receipt of Formal Grievance ICO Wayne Madole, ADC #158959.</u>

<u>Informal Grievance submitted on 7/25/16 claims, "I have been suffer with pain from a sist on my testicle for approximately 4 month now due to the fact that when I walk or do any activity where my legs rub against it or if I sleep the wrong way. I have relently took and Ultrasound at the UAMS in Little Rock, AR and the Doctor at Tucker infirmary confirmed that it is a sist growing on my testicle but ADC or UAMS will not approve to have it removed because it is not big enough or ADC will not pay for the surgery, this is a form of medical negligence and I strongly believe That I am not getting the proper or adequate medical attention that I would receive from a doctor outside of ADC. I am in constant pain due to the location of my sist and I should not have to continue to suffer as it continues to grow and the pain gets worse. Please help me with this situation and get this removed as soon as possible."</u>

<u>You underwent ultrasound of the scrotal area on 5/31/16. Results indicate "Normal sonographic appearance of the testicles. There appears to be a subcutaneous, solid appearing structure at the base of the penis with indeterminate etiology, possibly representing an infectious process."</u>

<u>The above condition, based on ultrasound recommendation and Tucker Provider evaluations on 7/21/16 and 8/2/16 indicate no change in size and/or condition and does not present invasive procdure at this time. As noted in the Provider notes, if there is a change in size, further evaluation and treatment will be considered based on medical necessity.</u>

<u>DIRECTOR</u>
<u>RECEIVED</u>
<u>SEP 14 2016</u>
<u>ARKANSAS DEPARTMENT</u>
<u>HEALTH & CORRECTIONAL PROGRAMS</u>

Signature of Health Services
Administrator/Mental Health Supervisor or
Designee

<u>Timothy Ryan Faloon</u>     <u>08/08/2016</u>
Title     Date

 **INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the Deputy Director for Health & Correctional Programs along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues which were not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE RESPONSE GIVEN ABOVE?

The results from ultrasound are contradictory, it state indicating a "Normal Sonographic appearance", but the _____ "there appears to be a subcutaneous, solid appearing structure at the base of the penis with indeterminate etiology, possibly representing an infectious process". Therefore, the Sonographic results

are not clear or accurate. The Tucker Medical Provider, also does not deny my claim that what he called a sist does exist, but that it has not changed in size/condition. after I have told him the pain has become worser. There has been no further test(s) done to determine if this "infectous process" is cancerous or otherwise and I have now been denied a no-duty work script after several months of pain and suffering. Tucker Medical Provider also believes that a urologist would be able to further determine the cause and or treatment for my condition, but has not scheduled an appointment.

| | | |
|---|---|---|
| Wayne Madole | 158959 | 8-12-16 |
| Inmate Signature | ADC# | Date |

RECEIVED - DEPUTY DIRECTOR
ARKANSAS DEPARTMENT OF CORRECTION

SEP 14 2016

HEALTH & CORRECTIONAL PROGRAMS

IGTT430
3GD

Attachment VI

INMATE NAME: Madole, Wayne R.        ADC #: 158959        GRIEVANCE#:TU-16-00733

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On July 25, 2016, you grieved that you want the cyst on your testicle removed, but ADC will not approve to have it removed. You state ADC will not approve to have it removed because it is not big enough and ADC does not want to pay for the surgery. You state this is a form of medical negligence and you strongly believe that you are not getting the proper medical attention. You state you are in constant pain due to the location of your cyst. You state you should not have to continue to suffer as it continues to grow and the pain gets worse.

The medical department responded, You underwent ultrasound of the scrotal area on 5/31/16. Results indicate "Normal sonographic appearance of the testicles. There appears to be a subcutaneous, solid appearing structuire at the base of the penis with indeterminate etiology, possibly representing an infectious process." The above condition, based on ultrasound recommendation and Tucker Provider evaluations on 7/21/16 and 8/2/16 indicate no change in size and/or condition and does not warrant invasive procdure at this time. As noted in the Provider notes, if there is a change in size, further evaluation and treatment will be considered based on medical necessity.

Your appeal states the results of the ultrasound are contradictory by indicating a normal sonographic appearance , but further stating that there appears to be a subcutaneous, solid appearing structure at the base of the penis with indeterminate etiology, possibly representing an infectious process. You state the medical provider does not deny your claim that of what he called a cyst does exist, but that it has not changed in size. You state you have told him that the pain has gotten worse. You state there has been no further test done to determine if this infectious process is cancerous. You state you have been denied a no duty work restriction. You state the provider believes that a urologist would be able to further determine the cause and treatment for your condition, but has not scheduled an appointment.

According to the grievance policy, an appeal cannot raise new or additional issues or complaints.

As advised in the medical departments response, there has been no change in the size or condition of the cyst and it does not warrant invasive procedure at this time.

The medical departments response is upheld; therefore, this appeal is without merit.

_____          _____
Director                                         Date    10/25/16

EXHIBIT B

## UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center __Varner SuperMax__

Name __Wayne Madole__

ADC # __158959__     Brks # __5/507__   Job Assignment _____

FOR OFFICE USE ONLY
GRV. # VSM16-3168
Date Received: 9-20-16
GRV. Code #: (CO7)

__9-15-16__ (Date) STEP ONE: Informal Resolution

__9-19-16__ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: __My Sick call clearly states that my pain has got worse. VAMS results mention CT scan or MRI__

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* __Yes__ *If yes, circle one: medical or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): __On September 9, 2016, I was seen by Doctor Stukey in regards to the constant and consistent pain I've been having in my testicle. I also explained to him that before, I had a small knot on my left testicle and now there is a second larger area that has grown next to it. He then checked the area and confirmed that there is an enlarged area on my testicle. He also read the results from the ultrasound that was taken at VAMS which confirmed his findings, but also stated that my right testicle has some fluid in it and that a CT scan or MRI should be followed up with. This was never brought to my attention until now and I would like to get further testing done before my condition turns into a much worser problem, but Doctor Stukey advised me that ADC will not approve this until possibly 3 months from now in which I must continue to suffer with pain and further testing still could not be approved at that time. I asked Doctor Stukey if there is any stronger pain medication besides the naproxen I am taking since the medication is not helping, but he has not prescribed any.__

RECEIVED DEPUTY DIRECTOR
ARKANSAS DEPARTMENT OF CORRECTION
OCT 25 2016
HEALTH & CORRECTIONAL PROGRAMS

__Wayne Madole__                          __9-15-16__
Inmate Signature                          Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY

This form was received on _____ (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: __Kogen DHowelln__ Date __9/16/16__

__V. Gace__            __39936__         __Kogen__               __09-15-16__
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature        Date Received

Describe action taken to resolve complaint, including dates: __A written statement Dr. Stukey did not note in your 9/9/16 encounter the intention to order a CT scan, MRI or change in medication. You are referred for a F/U in three months. Utilize the sick call process if you feel you need to be alleviated before your appointment.__ __Kogen 9/19/16__

__Kogen DHowelln__   __9/19/16__     Inmate Signature & Date Received   _____
Staff Signature & Date Returned

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: __Wornath__  Date: __9.20.16__
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

VARNER UNIT GRIEVANCE

4C

$Cb\ 5\backslash1$

IGTT420
3GH

Attachment IV

INMATE NAME: Madole, Wayne R.          ADC #: 158959A          GRIEVANCE #: VSM16-03128

### HEALTH SERVICES RESPONSE TO UNIT LEVEL GRIEVANCE

(601) Your grievance dated 9/15/16 has been received and reviewed. You grieved you were seen by Dr. Stukey on 9/9/16 in regards to testicular pain. You state Dr. Stukey reviewed the ultrasound results from UAMS with you and the results stated that fluid was present and should be followed up with an MRI or CT. You state you would like to receive further testing before your condition worsens.

A review of your medical record indicates you were seen by Dr. Stukey on 9/8/16 about your testicular pain. He stated to continue to monitor the issue and to follow up in 3 months. The ultrasound report from UAMS dated 6/1/16 stated that "MRI vs CT can be considered, if further evaluation is desired". There is no indication you have placed a sick call since being seen by Dr. Stukey concerning this issue. If you continue to experience testicular pain and issues please utilize the sick all process so you can be further evaluated. I find this grievance without merit.

RECEIVED - DEPUTY DIRECTOR
ARKANSAS DEPARTMENT OF CORRECTION

OCT 25 2016

Signature of Health Services
Administrator/Mental Health Supervisor or
Designee

Jason M Kelley          10/17/2016
_____          _____
Title          HEALTH & CORRECTIONAL PROGRAMS
Date

---

### INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the Deputy Director for Health & Correctional Programs along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues which were not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE RESPONSE GIVEN ABOVE?

"Further evaluation was desired" when I seen Dr. Stukey and even before that when I was seen by Tucker Unit medical staff. The sick call that I placed at VSM resulted in my visit with Dr. Stukey in which the results were read to me. He was fully aware of my condition and the pain that I am in, but he still refused to have me seen by a urologist or other specialist which further delays me to get properly treated.

_Wayne Michael_                158959            10-17-16
   Inmate Signature                ADC#              Date

RECEIVED - DEPUTY DIRECTOR
ARKANSAS DEPARTMENT OF CORRECTION

OCT 2 5 2016

HEALTH & CORRECTIONAL PROGRAMS

IGTT430
3GD

Attachment VI

INMATE NAME: Madole, Wayne R.          ADC #: 158959          GRIEVANCE#:VSM16-03128

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

On September 15, 2016, you grieved that Dr. Stukey did not properly treat you on September 9, 2016. You state you were seen due to the constant and consistent pain you are having in your testicle. You state you also explained to him that before you just had a small knot on your left testicle, but now there is a second larger area that has grown next to it. You state he then checked the area and confirmed that there is an enlarged area of your testicle. You state he read the results of your ultrasound that was taken at UAMS that recommended a CT Scan or MRI. You state you would like further testing before your condition turns into a much worse problem. You state you asked Dr. Stukey if there was stronger pain medication besides the Naproxen, but he has not prescribed it.

The medical department responded, "A review of your medical record indicates you were seen by Dr. Stukey on 9/8/16 about your testicular pain. He stated to continue to monitor the issue and to follow up in 3 months. The ultrasound report from UAMS dated 6/1/16 stated that MRI vs CT can be considered, if further evaluation is desired . There is no indication you have placed a sick call since being seen by Dr. Stukey concerning this issue. If you continue to experience testicular pain and issues please utilize the sick all process so you can be further evaluated. I find this grievance without merit."

Your appeal states further evaluation was desired when you were seen by Dr. Stukey and even before that when you were seen by Tucker Unit medical staff. You state the sick call that you submitted resulted in you being seen by Dr. Stukey in which the results were read to you. You state he was fully aware of your condition and the pain that you are in, but he refused to have you seen by a urologist or other specialist.

A review of your electronic medical record indicates that September 9, 2016, you were seen by Dr. Stukey regarding left testicle nodule with constant pain. Dr. Stukey noted that your records were reviewed from May 2016 ultrasound that reveals good blood flow to both testes and epidydimi and there was a scar/"hypoechogenic tube" noted possibly from previous possible inflammatory process with no testicular masses. Dr. Stukey noted you were provided with reassurance and advised to recheck in three months. There is no documentation that further testing has been ordered.

Dr. Stukey is licensed to practice medicine in the state of Arkansas and has seen and treated you as he deemed appropriate and clinically indicated based on his medical judgment; therefore, I find this appeal without merit.

_____          _____
Director                                                    Date      11/22/16

EXHIBIT 61-E

# ADC HEALTH SERVICE REQUEST FORM                    MSF-202 C    revised 2013

| Name (Last, First, MI): | ADC #: | Date of birth: | Barracks: | Date of Request: |
|---|---|---|---|---|
| Madole, Wayne R | 158959 | 8-30-1985 | 3A | 8-4-16 |

Job Assignment: Hoe Squad

Description of the problem: Please refil prescription for zyrtec. Also I need to know if appointment for the urologist has been Scheduled, Thank you.

I consent to be treated for the above problem. I understand that in accordance with the Department of Correction's policy, I will be charged for healthcare services through deductions of applicable co-payment charges from my resident account, and that if I have insufficient funds to cover the charge, the amount of the co-pay will be set up as an outstanding debt.

INMATE'S SIGNATURE: Wayne Mylii          DATE: 8-4-16

*****************************************************************

## FOR MEDICAL USE ONLY

FACILITY NAME: **Tucker Unit**

DATE RECEIVED BY MEDICAL DEPT: 8-6-16

PRIORITY 1 :See within 24 hours- emergent need ☐    PRIORITY 3:See within 72 hours- routine request ☑

PRIORITY 2: See within 48 hours- urgent need ☐    PRIORITY 4: Face-to-face visit not needed; respond to request in writing ☐

DATE TRIAGED: 8-6-16    TRIAGED BY: (NAME) _____ (TITLE)

**If the EHR is unavailable, enter nursing sick call notes in this area:**

| Vital Signs: BP | Pulse | Temp | Resp | Wt |
|---|---|---|---|---|
| Protocol Used: | | | | |

Subjective:

8-8-16

Objective:

- Med ordered -

Assessment:

∅ urology appt. requested -

Plan:

Education:

Refer to: [ ] Physician    [ ] Mid-level    [ ] Mental Health    [ ] Dental    [ ] Other (List):

Medical Staff Name:

| Medical Signature: | Title: | Date/time: | Unit: |
|---|---|---|---|
| | | | |
| ADC #: | Date of Birth: | | |

| PART 1 - RESTRICTIONS: | RES<br>☐ ☐<br>exce:<br>☐ R<br>runni<br>Allow<br>☐ Res<br>excess<br>10 minute . |
|---|---|
| **PART 2 -<br>LIMITATIONS:** | **INMATE REQUIRE**<br><br>* ☐ Bed Rest    days. Reason:<br>☑ No Duty   7 days. Reason:    <u>MEDICAL</u><br>☐ No Yard Call    days. Reason:<br>☐ No Sports    days. Reason:<br>☐ One Arm/Hand Duty    days. |
| **PART 3 -<br>AUTHORIZATIONS:** | **INMATE IS AUTHORIZED TO:**<br><br>☐ Report to the Infirmary for Special Treatments(   )<br>    ☐ Soak:<br>    ☐ Exercise:<br>    ☐ Other:<br>☐ Bathe in the Infirmary<br>    ☐ Sitz Bath<br>    ☐ Cast       _EXHIBIT D._<br>    ☐ Other:<br>☐ Have in Possession:<br>    ☐ Cane<br>    ☐ Crutches<br>    ☐ Brace: (describe briefly)<br>    ☐ Prescribed Footwear:<br>    ☐ Orthopedic Appliance: (describe briefly)<br>    ☐ Other:<br>* ☐ Go to Dining/Pill Window/Shower Only |

This Medical Restriction(s)/Limitation(s)/Special Authorization(s) Starts:   04/07/2016    07:36:00 AM
This Medical Restriction(s)/Limitation(s)/Special Authorization(s) Ends:   04/14/2016    07:36:00 AM

**Name:** <u>Madole, Wayne R.</u>
**DOB:** <u>08/30/1985</u>
**ADC#:** <u>158959</u>

*Denise Krablin*

Denise Krablin

Distribution: Original - Medical Jacket

EXHIBIT D.

**ARKANSAS**
**DEPARTMENT OF CORRECTION** (REV. 07/93)

**MEDICAL RESTRICTIONS/**
**LIMITATIONS/SPECIAL AUTHORIZATIONS**   | **MSF-207** |

**RESTRICT INMATE FROM:**

**PART 1   RESTRICTIONS:**
___ ASSIGNMENTS REQUIRING STRENUOUS PHYSICAL ACTIVITY FOR PERIODS IN EXCESS OF _____ HOURS.

___ ASSIGNMENTS REQUIRING PROLONGED CRAWLING, STOOPING, RUNNING, CLIMBING, WALKING OR STANDING.

___ ASSIGNMENT REQUIRING HANDLING/LIFTING OF HEAVY MATERIALS IN EXCESS OF _____ POUNDS OR REQUIRING OVERHEAD WORK FOR A PERIOD IN EXCESS OF_____ HOURS.

**INMATE REQUIRES:**

**PART 2   LIMITATIONS:**
*___ BED REST ___ DAYS   REASON:_____

✓ NO DUTY _30_ DAYS   REASON: _Medical_

___ NO YARD CALL ___ DAYS   REASON:_____

___ NO SPORTS___ DAYS   REASON:_____

___ ONE ARM/HAND DUTY___ DAYS

**INMATE IS AUTHORIZED TO:**

**PART 3   SPECIAL**
**AUTHORIZATIONS:**
___ REPORT TO THE INFIRMARY FOR SPECIAL TREATMENTS (_____)   TIME

___ SOAK:_____

___ EXERCISE:_____

___ OTHER:_____

___ BATHE IN THE INFIRMARY

___ SITZ BATH

___ CAST

___ OTHER:_____

___ HAVE IN POSSESSION:

___ CANE

___ CRUTCHES

___ BRACE (DESCRIBE BRIEFLY)_____

___ PRESCRIBED FOOTWEAR:_____

___ ORTHOPEDIC APPLIANCE: (DESCRIBE BRIEFLY)_____

✓ OTHER: _Ø duty_ _____

*___ GO TO DINING/PILL WINDOW/SHOWER ONLY

THIS MEDICAL RESTRICTION(S)/LIMITATION(S)/SPECIAL AUTHORIZATION(S) STARTS: _4-13-16_   _1000_
                                                                                                                              DATE        TIME (MILITARY)

THIS MEDICAL RESTRICTION(S)/LIMITATION(S)/SPECIAL AUTHORIZATION(S) ENDS: _5-13-16_   _1000_
                                                                                                                            DATE        TIME (MILITARY)

_____
SIGNATURE OF MEDICAL STAFF

DISTRIBUTION:
   ORIGINAL - MEDICAL JACKET
   PINK - SECURITY

NAME: _Maddy Wayne_
DOB: _158959_

EXHIBIT D.

ARKANSAS DEPARTMENT OF CORRECTION
## Medical Restrictions/Limitations/Special Authorization(s)     MSF-207

| PART 1 - RESTRICTIONS: | **RESTRICT INMATE FROM:** |
|---|---|
| | ☐ Restrict from assignment requiring strenuous physical activity in excess of  hours per day. Allow 10 minute break after each hour. |
| | ☐ Restrict from assignment requiring prolonged crawling, stooping, running, jumping, walking, or standing, in excess of  hours per day. Allow 10 minute break after each hour. |
| | ☐ Restrict from assignment requiring lifting of heavy materials in excess of  lbs; and/or overhead work in excess of  hours per day. Allow 10 minute break after each hour. |
| **PART 2 - LIMITATIONS:** | **INMATE REQUIRES:** |
| | * ☐ Bed Rest    days. Reason: |
| | ☑ No Duty  _7_ days. Reason:     Medical |
| | ☐ No Yard Call    days. Reason: |
| | ☐ No Sports    days. Reason: |
| | ☐ One Arm/Hand Duty    days. |
| **PART 3 - AUTHORIZATIONS:** | **INMATE IS AUTHORIZED TO:** |
| | ☐ Report to the Infirmary for Special Treatments(  ) |
| | ☐ Soak: |
| | ☐ Exercise: |
| | ☐ Other: |
| | ☐ Bathe in the Infirmary |
| | ☐ Sitz Bath |
| | ☐ Cast |
| | ☐ Other: |
| | ☐ Have in Possession: |
| | ☐ Cane |
| | ☐ Crutches |
| | ☐ Brace: (describe briefly) |
| | ☐ Prescribed Footwear: |
| | ☐ Orthopedic Appliance: (describe briefly) |
| | ☐ Other: |
| | * ☐ Go to Dining/Pill Window/Shower Only |

This Medical Restriction(s)/Limitation(s)/Special Authorization(s) Starts:  07/08/2016    12:39:00 PM
This Medical Restriction(s)/Limitation(s)/Special Authorization(s) Ends:  07/14/2016    12:39:00 PM

**Name:** Madole, Wayne R.
**DOB:** 08/30/1985
**ADC#:** 158959

_K. Canady LPN_

Kianna Canady

Distribution: Original - Medical Jacket

Diagram of Plaintiff's Genitals showing
the area of concern for reader to have
a fuller understanding of the medical
condition. Some defendants were aware
of the second enlarged area that has
grown since Plaintiffs original diagnosis.



Second enlarged area
that is causing pain. Is
becoming hard and feels
like a knot. About the
size of a paintball.

Original hard lump.
Feels like a knot.
Size of a Bebe.